**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13731

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DAVID ANTOINE LUSTER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:03-cr-00052-TES-CHW-2

_____

Before ROSENBAUM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

David Luster appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Luster argues that the district court erred in its judgment that he

did not show any extraordinary and compelling reason to warrant his release based on changes in law since the time of his sentencing. He further argues that the district court abused its discretion in finding that the 18 U.S.C. § 3553(a) factors weighed against his release.

## Standard of Review

We review de novo whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). We review a district court's denial of a prisoner's request for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *Id.* A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures, or makes clearly erroneous factual findings. *Id.*

## Background

Between 2002 and April 2003, Luster and his uncle committed a series of bank robberies across Georgia, Florida, South Carolina, and Tennessee. They accumulated over $600,000 across eight incidents. During these events, Luster and his uncle possessed and brandished firearms, and on two occasions, a gun was placed against a bank employee's head.

Following his arrest in 2003, a grand jury in the Middle District of Georgia charged Luster in a superseding indictment with two counts of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Counts 1 and 3); two counts of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)

and § 2 (Counts 2 and 4); and two counts of being a felon in possession of a weapon, in violation of 18 U.S.C. § 922(g) and § 924(e) (Counts 5 and 6). Luster pled guilty to Counts 1–4 under a written plea agreement.

The district court sentenced Luster to a total of 535 months' imprisonment. The sentence broke down as follows: the court sentenced Luster to 151 months on Counts 1 and 3, to run concurrent with his convictions in the cases from the other jurisdictions; 84 months' imprisonment on Count 2; and 300 months' imprisonment on Count 4, each to run consecutive. Since then, Luster has repeatedly but unsuccessfully sought relief from his convictions and sentence. Among these efforts, Luster has filed several prior requests for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Luster moved for a sentence reduction under § 3582(c)(1)(A) in September 2024. He argued that he established extraordinary and compelling reasons under the Sentencing Commission's recent policy statement on "unusually long sentence[s]," U.S.S.G. § 1B1.13(b)(6). When Luster was sentenced, § 924(c)(1)(C) required district courts to impose a 25-year mandatory minimum consecutive sentence for any "second or subsequent conviction under [§ 924(c)]," 18 U.S.C. § 924(c)(1)(C) (2002), even where the § 924(c) convictions arose in the same prosecution, *United States v. Smith*, 967 F.3d 1196, 1210 (11th Cir. 2020) (*citing Deal v. United States*, 508 U.S. 129, 131–32, (1993)). But in 2018, § 403 of the First Step Act amended § 924(c)(1)(C) so that the 25-year mandatory minimum did not apply to multiple § 924(c) convictions resulting

from a single prosecution.  *Id.*; *see* First Step Act of 2018 § 403(a), Pub. L. No. 115-391, 132 Stat. 5194, 5221–22.  Still, Congress did not make this amendment retroactive.  *See Smith*, 967 F.3d at 1210–13 (holding that § 403 does not apply retroactively).  Nonetheless, U.S.S.G. § 1B1.13(b)(6) now provides that non-retroactive changes in law may offer extraordinary and compelling grounds for a sentence reduction in some cases.

Luster argued that he was eligible for a reduction because, under current law, his sentence would be 18 years shorter, creating a gross disparity.  He also asked the court to consider his "exemplary rehabilitation," strong family-support system, and genuine remorse, emphasizing that he was a first-time offender who engaged in "aberrant behavior" and did not pose any further risk to the public after 21 years of incarceration.

The district court denied Luster's motion.  In the court's view, Luster's circumstances were not extraordinary and compelling because he was properly sentenced under the law in effect at the time, and Congress did not intend for previously imposed § 924(c) sentences to be affected by the First Step Act.  The court also reasoned that the § 3553(a) factors weighed against early release, "specifically the nature and circumstances of the offenses which involved the brandishing of firearms during the eight bank robberies he committed along with his uncle and on at least two occasions, a weapon was held to the head of bank employees." These same circumstances, the court stated, indicated that Luster's release would pose a danger to the community.

## Discussion

In general, a court may not modify a sentence once it has been imposed, except under certain circumstances. 18 U.S.C. § 3582(c); *United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021). Under § 3582(c)(1), courts may reduce the sentences of defendants when "extraordinary and compelling reasons" warrant. 18 U.S.C. § 3582(c)(1)(A)(i).

A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if (1) the § 3553(a) sentencing factors favor doing so; (2) "extraordinary and compelling reasons" support doing so; and (3) doing so would not endanger any person or the community within the meaning of 18 U.S.C. § 3142(g), and a reduction is consistent with applicable Sentencing Commission policy statements. *See id.*; *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). The court need not examine these three conditions in a specific sequence because the lack of even one forecloses the possibility of sentence reduction. *Tinker*, 14 F.4th at 1237–38.

The Sentencing Guidelines provide that "extraordinary and compelling reasons" may exist when a defendant received an unusually long sentence, has served at least ten years of that sentence, and a later change in the law creates a gross disparity between the sentence currently being served and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(6). If these conditions are met, the change in law "*may* be considered in determining whether the defendant presents an extraordinary and

compelling reason," after giving "full consideration of the defendant's individualized circumstances." *Id.* (emphasis added)*; see Biden v. Texas*, 597 U.S. 785, 802 (2022) ("[T]he word 'may' clearly connotes discretion.").

Luster argues that the district court did not properly apply the guideline and abused its discretion by failing to examine relevant § 3553(a) factors favoring his release.  But the district court is not required to thoroughly analyze each § 3553(a) factor or specify its findings in great detail.  *Tinker*, 14 F.4th at 1240–41.  Rather, the court need only provide enough analysis to show that it engaged in a purposeful evaluation of the factors.  *Id.*  Additionally, the significance attributed to each factor is committed to the discretion of the court.  *Id.*  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

Here, the district court did not abuse its discretion by denying Luster's motion for a sentence reduction under § 3582(c)(1)(A) based on § 1B1.13(b)(6).  Although the court did not specifically detail its analysis of each § 3553(a) factor, it expressly stated that it had considered the applicable factors, and nothing in the record indicates any reversible error in that consideration. The court explained its view that Congress did not intend for sentences like Luster's to be affected by the First Step Act, and that the nature and

circumstances of the offenses—which involved brandishing of firearms during eight bank robberies and putting a gun to the head of bank employees on two occasions—weighed against any reduction in Luster's sentence. These factors support the court's ruling, even if Luster can point to countervailing factors. The weight to give the § 3553(a) factors and the decision to grant a sentence reduction remain firmly in the court's discretion, and the district court's decision here did not fall outside that range. In short, Luster has not shown that the district court failed to consider relevant factors or committed a clear error of judgment. *See Irey*, 612 F.3d at 1189; *Tinker*, 14 F.4th at 1240–41.

Therefore, the district court did not abuse its discretion in concluding that the § 3553(a) factors weighed against any reduction in Luster's sentence. *See Tinker*, 14 F.4th at 1237–38. Accordingly, we affirm.

**AFFIRMED.**